IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


AUTOS, INC.,

       Defendant/Appellant/Cross-Appellee,

  Vs.                            No.  03-4116-SAC

KRISTEN KAE GOWIN,

       Plaintiff/Appellee/Cross-Appellant.



MEMORANDUM AND ORDER

This bankruptcy appeal, referred to the magistrate judge for a report and recommendation, comes before the court on objections by the debtor, Kristen Kae Gowin.

**Standard of Review**

Upon objections to a magistrate judge's report and recommendation, "the district court must undertake a de novo review of the record."  *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998).  The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations.  *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)), *cert.*

*denied*, 502 U.S. 1110 (1992).  When review is de novo, the district court is free to follow  or wholly ignore the magistrate judge's recommendation, but it should make an independent determination of the issues without giving any special weight to the prior recommendation.  *Andrews*, 943 F.2d at 1170 (citing *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)).  The district court is required to consider relevant evidence of record and not merely review the magistrate judge's recommendation.  *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).  In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

**Procedural background**

The relevant factual background stated in the magistrate's report and recommendation is unchallenged and will not be restated herein.  Suffice it to say that Gowin had claims against Autos, some of which arose after her Chapter 13 petition was filed but before that plan was confirmed.  Those claims arose from Gowin's purchase and Autos' repossession of an automobile.  Gowin failed to disclose these claims in her plan as assets in her bankruptcy schedules but did disclose them to the bankruptcy trustee.  Approximately eight months after her plan was confirmed, Gowin filed an adversary proceeding, asserting those claims against

Autos.

In the adversary proceeding, Autos raised the affirmative defense that Gowin's claims should be barred because Gowin knew about them prior to her plan confirmation but had failed to raise them during the confirmation process.  The bankruptcy judge rejected Auto's affirmative defense that the confirmation of Gowin's Chapter 13 plan barred Gowin's attempt to pursue claims not disclosed prior to the confirmation.  The magistrate recommends reversing the bankruptcy judge, finding that "the confirmation order is *res judicata* for any issue that should have or could have been raised during the confirmation process."  Dk. 12, p. 13. Gowin now objects, contending that the magistrate erred in so finding.

**Factual finding**

Gowin first challenges the magistrate's finding of fact that Gowin knew the subject vehicle had been repossessed by Autos when she filed her bankruptcy case.  Gowin contends the magistrate overstepped his bounds by substituting his judgment for that of the bankruptcy court.  The magistrate rejected the bankruptcy judge's finding that Gowin did not know the vehicle was repossessed when she filed her bankruptcy petition, because it found "no rational relationship to the supportive evidentiary data."  Dk. 12, p.11.

The magistrate further found that by April 9, 1999, when the plan was

confirmed, Gowin was either aware of Autos's sale of the vehicle to the third party or should have been aware of the sale. Therefore, the magistrate concluded that all the claims raised by Gowin in the adversary lawsuit were either known to Gowin at the time she filed her bankruptcy petition or should have been known prior to the time her plan was confirmed by the bankruptcy court. Dk. 12, p. 11.

The finding that Gowin knew or should have known, by the date her plan was confirmed, of all the claims she raised in the adversary lawsuit is sufficient to support the magistrate's ruling. That factual finding, which is not challenged by Gowin, is fully supported by the record. Accordingly, the court has no need to determine whether the magistrate erred in its finding about what Gowin knew on the date she filed for bankruptcy.

**Duty to disclose post-petition assets**

Gowin next claims error in the magistrate's finding of law that "Gowin was under an obligation to amend her plan and financial statements to include new claims against Autos." Dk. 12, p. 11. Gowin contends that no statute or rule expressly requires Chapter 13 debtors such as Gowin to amend previously-filed bankruptcy schedules to include assets they acquire after the case is filed.

In determining the existence and extent of a debtor's duty to disclose, the court begins with the basic proposition, which Gowin does not challenge, *see*

4

Dk. 13, p. 4, that after-acquired property constitutes property of the bankruptcy

estate.  The duty to disclose assets flows from the fact that after-acquired property

is property of the estate.

> Under Chapter 13, property of the bankruptcy estate includes, in addition to the property specified in § 541, "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted ... [and] earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted ...." 11 U.S.C. § 1306(a)(1) and (2).  Except as provided in a confirmed Chapter 13 plan or order confirming a plan, the debtor remains in possession of all property of the estate. 11 U.S.C. § 1306(b).  For Chapter 13 to work, given that definition of property of the estate, the Chapter 13 debtor has a continuing duty to disclose property and earnings acquired after the commencement of the case.  The Chapter 13 debtor's ability to confirm a plan and ultimately obtain a discharge turns, in part, on those assets and earnings. 11 U.S.C. § 1322 and 1325.

*In re Wakefield*, 312 B.R. 333, 338 -339 (Bankr. N.D. Tex. 2004).

This court agrees with the Court of Appeals for the Third Circuit that

"a long-standing tenet of bankruptcy law requires one seeking benefits under its

terms to satisfy a companion duty to schedule, for the benefit of creditors, all his

interests and property rights."  *Oneida Motor Freight, Inc. v. United Jersey Bank,*

848 F.2d 414, 416 (1988).  *See In re Superior Crewboats, Inc*., 374 F.3d 330, 335

(5th Cir. 2004) (quoting *In re Coastal Plains, Inc*., 179 F.3d 197, 205 (5th Cir.

1999)) (" '[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an

5

express, affirmative duty to disclose all assets, including contingent and unliquidated claims." '); *Chandler v. Samford University*, 35 F. Supp. 2d 861, 864 (N.D. Ala. 1999) (holding Chapter 13 debtor who filed EEOC employment discrimination charge during pendency of her Chapter 13 case had affirmative duty to amend her schedules to reflect that asset); *Brassfield v. Jack McLendon Furniture, Inc*., 953 F. Supp. 1438 (M.D. Ala. 1996) (holding Chapter 11 or 13 debtors must disclose all legal or equitable interest in property the bankruptcy estate acquires after the commencement of the estate). *See generally De Leon v. Comcar Industries, Inc*., 321 F.3d 1289, 1291 (11th Cir. 2003) ("The need for complete and honest disclosure exists in all types of bankruptcies.")  Given the definition of property of the estate, Gowin's contention that she had no continuing duty to disclose to creditors all property she acquired after the commencement of the case is meritless.

### Vesting argument

Gowin next makes a "delayed vesting" or estate preservation argument.  *See In re Moore,* 312 B.R. 902, 907 (Bankr. N.D. Ala. 2004). Gowin's order confirming her plan reflects the estate preservation approach in stating that property of the bankruptcy estate revests in the debtor "upon the approval by the court of the Trustee's Final Report and Account."  No such

6

approval has yet been sought or obtained.  Therefore, Gowin's claims against

Autos remain property of the bankruptcy estate, which is preserved until the date

the court approves the final report.

Gowin contends that because the estate is preserved even after

confirmation, judicial estoppel is inapplicable.  No cases are cited in support of this

proposition.  Case law is to the contrary.  Judicial estoppel may be applicable

where, as here, the estate is preserved,  *see cases cited in judicial estoppel section*

*below,* but not when the property is vested in the control of the debtor and is no

longer property of the estate, *see Muse v. Accord Human Resources, Inc*., 129

Fed. Appx. 487, 488, 2005 WL 891015 (11th Cir. 2005) (finding no judicial

estoppel where debtor failed to disclose a claim to the bankruptcy court because

claim which arose after confirmation of the bankruptcy plan was not part of the

bankruptcy estate, and debtor did not have a duty to disclose it); *In re Farmer*, 324

B.R. 918, 922 (Bankr. M.D. Ga. 2005) (finding no judicial estoppel post-

confirmation because the claim was not an asset of the bankruptcy estate, as the

cause of action did not arise until after confirmation, and the asset was not part of

the estate).

**Disclosure to trustee**

Gowin next contends that even if she had a duty to disclose after-

7

acquired property or interests, she fulfilled that duty by disclosing the claims to the

Chapter 13 trustee.  Autos asserts that Gowin's counsel and the trustee exchanged

letters wherein "they agreed that any recovery obtained from Autos would be

evenly split between Gowin and the bankruptcy estate."  Dk. 12, p. 7.  Gowin

contends that the trustee's agreement is merely a recommendation, and that the

bankruptcy court has the final authority to determine what amount, if any, Gowin

would personally receive.

   The court finds this agreement with the trustee insufficient to meet the

debtor's duty to disclose.  The debtor's duty to amend her petition, to list the

claims on her bankruptcy schedules, to move to reopen the case, or to take other

formal action so that creditors will have notice of the claims and an opportunity to

negotiate them is not fulfilled by an informal agreement with the Trustee.  *See*

*Reagan v. Lynch*, 241 Ga. App. 642, 524 S.E.2d 510, 511 (1999) (applying judicial

estoppel in Chapter 7 case because debtor did not include claims arising from

repossession as potential assets in his bankruptcy petition; finding merely giving

notice to his trustee without also amending his petition or moving to reopen his

case was not enough); *Sandoz v. Reassure America Life Ins. Co.*, 2005 WL

1175942, *3 n.4 (W.D. Okla. 2005) (applying judicial estoppel, finding notice

belatedly given to the trustee "is not sufficient to satisfy the affirmative and

mandatory disclosure requirements" in Chapter 13 case.)

**Judicial estoppel elements**

Gowin next claims that none of the elements of judicial estoppel[1] are

present.

Judicial estoppel is a discretionary remedy courts may invoke "to

prevent 'improper use of judicial machinery.' " *New Hampshire v. Maine*, 532 U.S.

742, 750 (2001) (citation omitted). "This rule ordinarily applies to inconsistent

positions assumed in the course of the same judicial proceeding or in subsequent

proceedings involving identical parties and questions." *In re Johnson*, 518 F.2d

246, 252 (10th Cir. 1975).

Although the Tenth Circuit has traditionally refused to apply judicial

estoppel, *United States v. 162 MegaMania Gambling Devices*, 231 F.3d 713, 726

(10th Cir. 2000), it has recently changed its position based upon the Supreme

Court's decision in *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). *See*

*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 -1069 (10th Cir.2005). In

*Johnson*, the Tenth Circuit reviewed factors  typically used to determine when to

_____

[1]The magistrate referred to the doctrine of *res judicata* in finding that Gowin
was bound by the confirmation order.  In this context, the two doctrines are similar
and have the same effect.  *See In re Hovis*, 325 B.R. 158, 164 (Bankr.D.S.C.
2005).

apply judicial estoppel, in stating:

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* (citation omitted).  Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory.  *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996).  Second, "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' "  *New Hampshire*, 532 U.S. at 750, 121 S. Ct. 1808 (citation omitted).  The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances."  *Lowery*, 92 F.3d at 224.  Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *New Hampshire*, 532 U.S. at 751, 121 S. Ct. 1808.

*Johnson v. Lindon City Corp*., 405 F.3d 1065, 1069 (10th Cir. 2005).  The court

examines these three factors below.[2]

### Clearly inconsistent positions

Gowin summarily asserts that she has not taken an inconsistent

position in this case.  The court disagrees.

Courts of various jurisdictions have held that a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions.  (State court citations omitted.)  *See*

---

[2]The court rejects Gowin's assertion that detrimental reliance is a required element.  *See Coastal Plains*, 179 F.3d at 205 ("Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.")

> *Payless Wholesale Distributors, Inc. v. Alberto Culver*, 989 F.2d 570, 571
> (1st Cir. 1993), *cert. denied*, 510 U.S. 931, 114 S. Ct. 344, 126 L. Ed. 2d
> 309 (1993); *Oneida*, 848 F.2d at 419; *Brassfield*, 953 F. Supp. at 1432-33.
> This holding stems from the requirement that a debtor seeking the shelter
> provided by federal bankruptcy laws disclose all legal or equitable property
> interests to a bankruptcy court.  *See* 11 U.S.C. §§ 521(a), 541; *Ryan*, 81
> F.3d at 362; *Oneida*, 848 F.2d at 416.  Because the bankruptcy court relies
> on the information disclosed by a debtor, the importance of full disclosure
> cannot be overemphasized.  *Luna*, 631 So.2d at 918 (quoting *Oneida*, 848
> F.2d at 417).

*Chandler,* 35 F. Supp. 2d at 863-864.

The omission of a cause of action or claim "from ... mandatory bankruptcy filings is tantamount to a representation that no such claim existed."  *In re Superior Crewboats, Inc*., 374 F.3d 330, 335 (5th Cir. 2004) (citation omitted); *Sandoz v. Reassure America Life Ins. Co.*, 2005 WL 1175942, *3 n. 5 (W.D. Okla. May 16, 2005) (finding the omission of a claim from bankruptcy filings followed by the assertion of that claim in a subsequent judicial proceeding would be a "blatant inconsistency."); *In re USinternetworking, Inc*., 310 B.R. 274, 283 (Bankr. D. Md. 2004) (finding debtor's nondisclosure in reorganization proceeding amounted to a position that the claim, in fact, did not exist, so adversary proceeding on that claim was barred by judicial estoppel).

### Court's acceptance of earlier position

Gowin asserts, without additional support, that "she was not

11

successful in persuading the Bankruptcy Court that the claims she now asserts against Autos did not exist."  Dk. 13, p. 13.

The court finds this element met because the bankruptcy court accepted the nonexistence of these claims by approving Gowin's debtor's disclosure statement and confirming her plan.  *See In re USinternetworking, Inc.*, 310 B.R. at 285.  Omissions, as well as affirmative misrepresentations, may give rise to judicial estoppel in bankruptcy cases.  *See e.g.*, *Chandler,* 35 F. Supp. 2d 861(finding Chapter 13 debtor judicially estopped from asserting claim because of her failure to inform bankruptcy court of it, where bankruptcy court relied on nondisclosure in proceeding with debtor's case as if it were no-asset case).  Numerous courts have held that omission or nondisclosure of a cause of action as an asset in a bankruptcy schedule provides an appropriate basis for imposition of judicial estoppel.  *Richardson v. United Parcel Service,* 195 B.R. 737, 739 (E.D. Mo. 1996).

### Unfair advantage/detriment

Gowin contends that she seeks no unfair advantage and that "no unfair detriment would be imposed on Autos" if her claims are not estopped.  Dk. 13, p. 10.

The proper analysis focuses upon the detriment to the court and

creditors, not just to Autos.  *See Sandoz v. Reassure America Life Ins. Co.*, 2005 WL 1175942, *3 (W.D. Okla.) (finding the court and litigants in the bankruptcy proceeding had arguably been misled); *In re USinternetworking, Inc.*, 310 B.R. at 285 (finding knowledge of the claim and a motive to conceal the claim for its own benefit where the debtor stood to gain preservation of all potential recoveries on the claim for itself, without the need to share any portion thereof with its creditors).

Gowin also contends because she brought her claims in an adversary proceeding as part of the bankruptcy proceedings, instead of in a separate state court action, judicial estoppel is inapplicable.  Case law applying judicial estoppel to adversary proceedings refutes this position.  *See e.g., In re Hovis*, 325 B.R. at 164; *In re Nat. Forge Co.*, 304 B.R. 214, 223 (Bankr. W.D. Pa. 2004); *Matter of Freedom Ford, Inc.*, 140 B.R. 585, 588 (Bankr. M.D. Fla. 1992).

The court notes Gowin's repeated assertions in her adversary pleadings that the matter concerns property of the estate and that any recovery will be shared by her prepetition creditors.  This fails to negate Gowin's unfair advantage, however.  Gowin's non-disclosure benefits her by increasing the percentage of recovery that will flow to her.  As Autos concedes, had the claims been properly disclosed prior to confirmation of the plan, creditors could have objected to the agreement between Gowin and the Trustee and demanded that all of

the proceeds, rather than just fifty percent of them, be contributed to the estate for distribution among the creditors.

Sufficient detriment is shown here because the omitted disclosures would have assisted the judge in making fully informed decisions about the bankruptcy plan and would have enabled creditors, who relied upon the schedules, to determine the appropriate course of action.  *See Chandler*, 35 F. Supp. 2d at 864 -865.  The impact of a debtor's nondisclosure  must be measured in more than monetary terms because "it affects creditors' willingness to negotiate their claims and enhances the debtor's bargaining position by making the pot that creditors look to for recovery appear smaller than it really is."  *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp,* 337 F.3d 314, 325 (3d Cir. 2003). Under the circumstances of this case, Gowin both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.  Accordingly, judicial estoppel may be appropriate.

**Appropriate remedy**

Although the court agrees with the Magistrate Judge that the elements of judicial estoppel may be present in this case, it finds that dismissing Gowin's claims against Autos would provide a windfall to the wrongdoer and would deprive creditors of a bankruptcy asset, small though it may be.  *See Richardson v. United*

14

*Parcel Service,* 195 B.R. 737, 739 (E.D. Mo. 1996) (finding the arguments for judicial estoppel persuasive except that they failed to take into account the interests of plaintiff's creditors who would be penalized if claims were dismissed.)  Because of the circumstances of this case, the use of judicial estoppel is unnecessary in order to protect the integrity of the judicial system, as the bankruptcy court apparently believed.

The court finds that the better remedy in this case is to require Gowin to distribute any and all damages recovered in the adversary action among the creditors of her estate, denying her a personal recovery.[3]  This will preclude Autos from reaping a windfall and will keep Gowin from profiting from her failure to disclose her claims to creditors, while permitting creditors to receive assets which application of judicial estoppel would deprive them of.   This remedy will fulfill the court's duty of protecting creditors' property rights, which is one of the fundamental purposes of the Bankruptcy Code, while at the same time "ensuring that debtors who come before the bankruptcy courts are encouraged to provide the courts with the full and honest disclosure that is crucial to the bankruptcy courts' ability to protect the rights and interests of all parties."  *In re Rochester*, 308 B.R. 596, 611 (Bankr. N.D. Ga. 2004).  *See* Fed. R. Bankr. P. 9011; 11 U.S.C. § 105;

---

[3]This is the remedy specifically requested by plaintiff.  *See* Dk. 13, p. 4-5.

15

18 U.S.C. § 152.

The court recognizes the compelling need for finality in confirmed plans, but believes that need is outweighed by the equities in the present case.   The court notes the huge expenditure of judicial resources on this case, the small amount ($1,471.93 minus trustee's fee) that may be available for distribution among creditors, and the disproportionately large amount of statutory attorney fees that may potentially be recovered by plaintiff's attorney.  The court has no desire to burden the bankruptcy court with further case administration so declines to direct the manner in which the bankruptcy court should implement this order, and trusts that it will do so by the most efficient means possible.

IT IS THEREFORE ORDERED that plaintiff take nothing, that the order of the bankruptcy court dated May 19, 2003 is reversed to the extent it awarded damages to plaintiff, and that the case is remanded to the United States Bankruptcy Court For The District Of Kansas for further proceedings consistent with this decision.

Dated this 8th day of September, 2005, Topeka, Kansas.

s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

16