IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

AUTOS, INC.,

      Defendant/Appellant/Cross-Appellee,

Vs.                                  No. 03-4116-SAC

KRISTEN KAE GOWIN,

      Plaintiff/Appellee/Cross-Appellant.

MEMORANDUM AND ORDER

This bankruptcy appeal comes before the court on the motion of Autos Inc. ("Autos") to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e). Autos contends that the court erred in failing to review the merits of all the arguments it presented in its opening brief on appeal.

**Prior decision of the court**

The court understood that Autos had abandoned all issues on appeal except for the issue of judicial estoppel, the sole issue addressed by the court. This belief was based on affirmative representations and omissions by counsel for Autos in its most recent appellate briefs, as

detailed below.

In Autos' response to Gowin's objection to report and recommendations, counsel for Autos made statements which led the court to believe that there was only one issue on appeal, that the issue was the same as the one addressed by the court, and that all other appellate issues initially raised had been abandoned.  *See* Response of Autos, Inc. to Appellee's Objection to Report and  Recommendations, Dk. 14, p. 2 ("*The crux of the issue on appeal* is whether Ms. Gowin knew of her claims against Autos before confirmation of her Chapter 13 Bankruptcy plan, and whether she had a duty to disclose those claims in her asset schedules prior to confirmation of her plan."); Dk. 14, p. 12 ("She purchased the car when she was insolvent ... listed no legal claims as assets of the bankruptcy estate, and then claimed that she had been wronged *by Autos' technical violations of the U3C and KCPA*."); Dk. 14, p. 12 ("*While Autos may have been responsible for violations, those violations were unintentional and technical in nature*.")

Omissions by counsel also led the court to believe that the

substantive claims had been abandoned.  Autos response to Gowin's objections to the Magistrate's report made no reference or allusion to the substantive issues it had previously addressed on appeal.  Gowin's objections to the Magistrate's report and recommendation specifically invited the court not to bar Gowin's claims against Autos, but rather to permit those substantive claims to proceed and to bar Gowin from personally profiting from any recovery against Autos.[1]  Autos failed to address that proposal in any manner.  If Autos had wished to preserve all issues presented in its opening brief, it was incumbent upon Autos to so indicate in its response, in light of its knowledge of Gowin's objections and proposed remedy.  Instead, Autos' response to the objections failed to mention or reference its opening brief or any of the issues therein except judicial estoppel, confirming the court's belief that other issues had been abandoned.  *See Maestas v. Segura*, 416 F.3d 1182, 1190 (10th Cir. 2005) (finding plaintiffs had abandoned certain claims as evidenced by their failure to seriously address them in their briefs on appeal); *Pryor v.*

---

[1] This is the exact remedy the court ordered.

*Coats*, 203 F.3d 836, 2000 WL 147388, *2 (10th Cir. 2000) (issue abandoned where plaintiff mentioned it in his opening brief, but failed to properly develop or address the claim).

In its motion to alter or amend, Autos admits that "the issues and arguments on the substantive merits of the claims were deemed moot and were not addressed." Dk. 17, p. 2. Autos states this is because the Magistrate concluded that such claims were barred in their entirety on jurisdictional grounds. *Id.* But Autos knew that Gowin had objected to the Magistrate's report and recommendation and that the report and recommendation was not final and could be reversed in its entirety, in which case the substantive issues would not be moot. The court views this as an acknowledgment that Autos intentionally chose not to address the substantive issues and thus abandoned them. *See United States v. Fortier*, 242 F.3d 1224, 1226 (10th Cir. 2001) (finding abandonment of a claim where appellant stated in his reply brief that discussion of the issue was "irrelevant.") Accordingly, the court finds that Autos abandoned its claims based on the substantive issues.

**Review of substantive issues**

Alternatively, and in an abundance of caution, the court has reviewed the merits of bankruptcy court's decisions on the substantive issues presented in Autos' and Gowin's opening briefs, *e.g.*, Dks. 5, 7, 8 and 9.  Most of those substantive issues were fully addressed by the bankruptcy court, which clearly stated its rationale in support of its holdings.  Giving proper deference to the bankruptcy court's credibility determinations, the court finds that the bankruptcy court's factual findings regarding the substantive issues listed as numbers two through six in Dk. 5, and listed as issues ten and eleven in Dk. 7, are not clearly erroneous.  The court further affirms the legal conclusions reached by the bankruptcy court on those same issues for substantially the same reasons as those stated in the bankruptcy court's decision.  *See* Dk. 2, Exh. 3. pp 8-18; Dk. 2, Exh. 5.

**Issues not raised before bankruptcy court**

Three substantive issues were not specifically and fully addressed by the bankruptcy court.  These are: 1) whether Gowin's failure to complete her down-payment for the vehicle constitutes a failure to meet

a condition precedent to the formation of a binding contract; 2) whether a penalty based on the amount of finance charge may be imposed for UCCC violations involving a promissory note which includes no interest; and 3) whether any remedy or penalty for Autos' violation of K.S.A. § 16-3-202 is provided by statute or regulation.

The court has reviewed the record and finds no indication that Autos raised any of these issues before the bankruptcy court. The failure to raise a legal issue in the bankruptcy court does not preclude this court from addressing the matter on appeal because a district court, when sitting as a court of review over the bankruptcy court, has the discretion to consider any issue presented by the record, even if the bankruptcy court did not address the matter. *In re Weeks, Thomas & Lysaught, Chartered*, 97 B.R. 46, 46-47 (D. Kan.1988). As a general rule, however, a reviewing court will not consider arguments not passed upon below. *In re Williams*, 49 Fed. Appx. 845 (10th Cir. 2002). This general rule applies with equal force in bankruptcy appeals. *See, e.g., In re Williams, supra; Beery v. Turner*, 680 F.2d 705 (10th Cir.), *cert. denied*, 459 U.S. 1037 (1982).

Because Autos had an opportunity to raise each of these issues before the bankruptcy court, the court finds no reason to depart from the general rule in this case.

For all the reasons stated above, the court finds no basis to alter or amend its previous judgment.

IT IS THEREFORE ORDERED that the motion of Autos Inc. to alter or amend judgment (Dk. 17) is denied.

Dated this 12th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge